# MICHAEL J. LUNGA, ESQ., LLC

*COUNSELLOR AT LAW*

23 Vreeland Road, Suite 250
Florham Park, NJ 07932
973-822-3100
Fax 973-822-3105
mjlmdesq@aol.com

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

16 OCT -3 PM 12: 48

JAMES J. WALDRON

BY: [signature]
DEPUTY CLERK

Michael J. Lunga, Esq.
*(Certified Civil Trial Attorney)*

September 30, 2016

*OF COUNSEL:*
McGivney & Kluger, P.C.

The Honorable Christine M. Gravelle
United States Bankruptcy Judge
for the District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ  08608

Re:    ACB Receivables Management, Inc.
       Case No. 16-27343 (CMG)
       Notice of Motion Returnable on October 18, 2016 to Enforce the Stay, to Void Post-Petition Order Entered by the State Court, to Void Post-Petition State Court Subpoena, to Void Post-Petition State Court Notice of Deposition and Document Production and to Quash Rule 2004 Subpoena as well as Sanctions for CJEMA and its Attorneys for Violating the Automatic Stay

Dear Judge Gravelle:

I am writing to you since I am the person to whom the Subpoenas were issued in the above referenced bankruptcy matter.

Initially, Mr. Spector issued a State Court Subpoena Duces Tecum and tried to have it served upon me in the matter of CJEMA v. ACB Receivables Management, Inc. (Docket No. MON-C-115-16).  I had been informed earlier that day of the bankruptcy filing and I told the process server that, although I was not an expert in bankruptcy law, that it might not be appropriate because of the bankruptcy automatic stay.

On September 16th I received a letter dated September 14, 2016 from Mr. Spector, a copy of which is attached hereto as Exhibit A. I had previously received this via e-mail. In the letter Mr. Spector said that the Superior Court Judge reviewed the argument that the State Court case should be stayed based on the bankruptcy filing and denied that argument. He e-mailed the first and last page of Judge Cleary's Order supposedly supporting that conclusion. Thereafter, I asked him for the complete Order and found out that the second page of the Order, which was inadvertently excluded from the initial e-mail to me, did not really say what Mr. Spector said it

The Honorable Christine M. Gravelle
September 30, 2016
Page Two

did. Rather, the Superior Court Judge basically kept the status quo and also directed Mr. Spector to file a motion in the Federal Court as to the effect of the bankruptcy filing.

In my response to Mr. Spector, which can be found in the e-mail trail attached hereto as Exhibit B, I had asked Mr. Spector who was going to pay for my time in having to obviously redact the names and other identifying information regarding patients listed in the discovery in my action against ACB so that neither me nor my client would be liable for a HIPAA violation, and also who was going to pay for my copying costs. As you can see from the e-mail trail, I never received a reply to those questions but rather Mr. Spector threatened to serve me with a motion in State Court to compel compliance with the Subpoena and also for costs. I told him that I did not want to get in the middle between the State Court and the Federal Court and it was on that date he told me he was going to serve a Rule 2004 Subpoena, which he did thereafter do.

I started to go through the records called for in the Rule 2004 Subpoena and have spent at least three to four hours redacting from the documents called for in that Subpoena, all of the names and other personal information in order to protect patient information in accordance with HIPAA regulations.

On Thursday, September 29, 2016, I received an e-mail from Mr. Spector's partner, Douglas A. Goldstein, Esq., attached hereto as Exhibit C, directing me to hold off from complying with the Subpoena.

I will await the decision of the Court on the pending Motion and do whatever the Court directs, but I would again request guidance on who is going to pay me for the time already spent, as well as the additional time necessary to complete the task of copying these records and redacting the personal information.

I do not do any bankruptcy work and I am afraid that I need guidance. I do not want to be put in between the State Court and the Federal Court, nor do I want to violate any valid obligation I may have pursuant to the issuance of either of the Subpoenas. I am addressing this letter to Your Honor because I believe that the issues inquired of herein logically should be addressed in connection with the pending Motion.

Respectfully submitted,

MICHAEL J. LUNGA, ESQ., LLC

Michael J. Lunga

MJL/td
Enclosure

cc:    David Alan Ast, Esq.
         Philip J. Cohen, Esq.
         Brian D. Spector, Esq.

# EXHIBIT A



# SPECTOR & EHRENWORTH, P.C.

*Attorneys at Law*

30 Columbia Turnpike, Ste 202, Florham Park, New Jersey 07932-2261   973.593.4800   Fax: 973.593.4848
www.selawfirm.com      writer's email: bspector@selawfirm.com      writer's direct dial: 973 845.6525

September 14, 2016

**E-MAIL & FIRST-CLASS MAIL**

SEP 1 6 2016

Michael J. Lunga, Esq.
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932

Re:   **Central Jersey Emergency Medical Associates v. ACB Receivables Management, Inc., et al.**
      **Docket No. MON-C-115-16 (Pending Transfer to Law Division)**
      **Our File Number: W224.0004.001**

Dear Mr. Lunga:

On August 31, 2016, my firm issued a Subpoena Duces Tecum (the "Subpoena") in the referenced case directed to your firm to produce documents. A copy of the Subpoena is attached. Today we received written notice from our process server that your firm refused service of the Subpoena because one of the defendants, ACB Receivables Management, Inc., filed for protection under Chapter 11 of the United States Bankruptcy Code on September 9, 2016 (see attached notice), based on which I assume you believe you are excused from even accepting service let alone complying with the Subpoena.

For your information, on September 12, 2016, Judge Patricia Del Bueno Cleary entered an Order in this case granting my client's application for a preliminary injunction as to the individual defendant and continuing the interim restraints in place as to ACB. The Judge rejected the argument that the case should be stayed based on the bankruptcy filing. A copy of the Order is also attached. There is no order in place staying this case or excusing your firm's full and timely compliance with the Subpoena, and no motion has been filed to quash the Subpoena. Therefore, if you do not respond by tomorrow indicating that you accept service of the Subpoena and will fully and timely comply with its request for documents, we will file a motion to compel and for costs.

Very truly yours,

Brian D. Spector

BDS:lyt
Attachments

cc:   Philip J. Cohen, Esq.      (w/atts.)    (E-Mail)
      David Ast, Esq.            (w/atts.)    (E-Mail)
      Mark Waciega, M.D.         (w/atts.)    (E-Mail)

K:\W224.0004\Ltr\W224.0004Ltr-0023.wpd

Brian D. Spector, Esq.
Attorney ID No. 011171982
SPECTOR & EHRENWORTH, P.C.
30 Columbia Turnpike, Suite 202
Florham Park, New Jersey 07932-2261
(973) 593-4800
Attorneys for Plaintiff

| | |
|---|---|
| CENTRAL JERSEY EMERGENCY MEDICAL ASSOCIATES, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MONMOUTH COUNTY |
| Plaintiff, | |
| vs. | Docket No.: C-115-16 |
| ACB RECEIVABLES MANAGEMENT, INC., a New Jersey corporation, OLEG SHNAYDERMAN a/k/a ALEX SHNAYDERMAN, an individual, and JOHN DOES 1-10 and ABC COMPANY, | Civil Action |
| Defendants. | |

## SUBPOENA DUCES TECUM

### THE STATE OF NEW JERSEY HEREBY COMMANDS:

Michael J. Lunga, Esq.
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, NJ 07932

to appear and to produce the documents listed on the attached Schedule A, on Wednesday,
September 14, 2016, at 10:00 a.m. at the offices of Spector & Ehrenworth, P.C., 30 Columbia
Turnpike, Suite 202, Florham Park, New Jersey 07932.

YOUR APPEARANCE IS NOT REQUIRED IF THE DOCUMENTS REQUESTED

BY THIS SUBPOENA ARE RECEIVED BY SPECTOR & EHRENWORTH , P.C. ON

Wednesday, September 14, 2016.

The requested documents shall not be produced or released until the date specified in this

K:\W224.0004\Disc\Subpoena Duces Tecum (Lunga).002.wpd

subpoena. If you are notified that a motion to quash this subpoena has been filed, you shall not

produce or release such documents until ordered to do so by the Court or until production or release

of such documents is consented to by all of the parties to this action.

Failure to appear according to the command of this Subpoena will subject you to a penalty,

damages in a civil suit and punishment for contempt of Court.

Dated: August __31__, 2016

SPECTOR & EHRENWORTH, P.C.
Attorneys for Plaintiff

By: _____          /s/ Michelle M. Smith
        Brian D. Spector                 Michelle M. Smith, Clerk
                                         Superior Court of New Jersey

K:\W224.0004\Disc\Subpoena Duces Tecum (Lunga).002.wpd

## SCHEDULE A

1.      All pleadings in any lawsuit between Premier Urology Group, LLC[1] and ACB Receivables Management ("ACB")[2] and/or Alex Shnayderman ("Shnayderman").[3]

2.      All pleadings in any lawsuit between Consultants in Urology Group, PA[4] and ACB and/or Shnayderman.

3.      All discovery exchanged in any lawsuit between Premier Urology Group, LLC and ACB and/or Shnayderman.

4.      All discovery exchanged in any lawsuit between Consultants in Urology Group, PA and ACB and/or Shnayderman.

5.      All other non-privileged documents related to any lawsuit between Premier Urology Group, LLC and ACB and/or Shnayderman.

6.      All other non-privileged documents related to any lawsuit between Consultants in Urology Group, PA and ACB and/or Shnayderman.

---

[1] The term "**Premier Urology Group, LLC**" shall mean Premier Urology Group, LLC, its successors, assigns, agents, employees and any other persons acting or purporting to act on its behalf, regardless of the extent of control or means of remuneration of such persons, with a business address of 275 Orchard Street, Westfield, NJ 07090.

[2] The term "**ACB**" when used herein shall mean ACB Receivable Management its successors, assigns, agents, employees and any other persons acting or purporting to act on its behalf, regardless of the extent of control or means of remuneration of such persons, with a business address of 19 Main Street Asbury Park, New Jersey 07712.

[3] The term "**Shnayderman**" when used herein shall mean Alex Shnayderman, president of ACB, his successors, assigns, agents, employees and any other persons acting or purporting to act on his behalf regardless of the extent of control or means of remuneration of such persons.

[4] The term "**Consultants in Urology Group, PA**" shall mean Consultants in Urology Group, PA its successors, assigns, agents, employees and any other persons acting or purporting to act on its behalf, regardless of the extent of control or means of remuneration of such persons, with a business address of 275 Orchard Street, Westfield, NJ 07090.

K:\W224.0004\Disc\Subpoena Duces Tecum (Lunga).002.wpd

7.     All pleadings in the lawsuit entitled *Premier Urology Group et al. v. ACB Receivable et al., Superior Court of New Jersey, Union County, Docket No. C-000063-15* (the "Litigation").

8.     All discovery exchanged in the Litigation.

9.     All other non-privileged documents related to the Litigation.

10.    All communications[5] between Michael J. Lunga, Esq. ("Lunga")[6] and ACB.

---

[5] The term **"communications"** includes, but is not limited to, any oral conversation (whether face-to-face, by telephone or otherwise), written correspondence, e-mail, text message, i-Message, Facebook message, transaction, negotiation, act, conduct or performance by any method, form or means through which property, information, questions, answers, instructions, orders, requests, applications, agreements or decisions may be transmitted or conveyed to or received or derived from, a person.

[6] The term **"Lunga"** when used herein shall mean Michael J. Lunga, Esq. of McGivney & Kluger, P.C. and his successors, assigns, agents, employees and any other persons acting or purporting to act on his behalf, regardless of the extent of control or means of remuneration of such persons.

K:\W224.0004\Disc\Subpoena Duces Tecum (Lunga).002.wpd

09-12-16; 04:18PM;                                                    ; 7323036422        # 1/ 3

Brian D. Spector, Esq.
Attorney ID No. 011171982
SPECTOR & EHRENWORTH, P.C.
30 Columbia Turnpike, Suite 202
Florham Park, New Jersey 07932-2261
(973) 593-4800
Attorneys for Plaintiff



SEP 12 2016
PATRICIA DEL BUENO CLEARY, P.J.Ch.

CENTRAL JERSEY EMERGENCY
MEDICAL ASSOCIATES,

                        Plaintiff,

vs.

ACB RECEIVABLES MANAGEMENT,
INC., a New Jersey corporation, OLEG
SHNAYDERMAN a/k/a ALEX
SHNAYDERMAN, an individual, and
JOHN DOES 1-10 and ABC
COMPANY,

                        Defendants.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: MONMOUTH
COUNTY

Docket no.: C-115-16

                        Civil Action

Return Date: September 12, 2016

## ORDER GRANTING PRELIMINARY INJUNCTION AS TO DEFENDANT, OLEG SHNAYDERMAN, AND CONTINUING TEMPORARY RESTRAINTS AS TO DEFENDANT, ACB RECEIVABLES MANAGEMENT, INC.

THIS MATTER having been brought before the Court by Spector & Ehrenworth, P.C.,

attorneys for plaintiff, Central Jersey Emergency Medical Associates ("Plaintiff"), and Kamensky

Cohen & Riechelson, attorneys for defendants, ACB Receivables Management, Inc. ("ACB") and

Oleg Shnayderman a/k/a Alex Shnaderman ("Shnayderman")(ACB and Shnayderman, together,

"Defendants"); and the Court having, on July 8, 2016, entered an Order to Show Cause with

Temporary Restraints (the "Order to Show Cause"); and the Court having considered the papers filed

in support and in opposition to the relief requested and having been advised of the September 9,

2016 Chapter 11 filing by ACB, and having heard the oral argument of counsel; and for good cause

shown;

IT IS, on this __12__ day of September, 2016,

ORDERED as follows:

1.    Pending a final hearing in this matter:

    A.    Shnayderman is enjoined and restrained from transferring, conveying or otherwise disposing of any property transferred to ACB by Plaintiff, including Accounts Receivable and records of the Accounts Receivable (the "Accounts Receivable Records") that were previously sent to ACB for servicing as well as account records of customers and all payment information of customers;

    B.    Shnayderman is enjoined and restrained from servicing and collecting monthly remittances on the Accounts Receivable; and

    C.    to the extent not previously provided by Defendants, Shnayderman shall turn over to Plaintiff or its designee the Accounts Receivable and Accounts Receivable Records, including, but not limited to, account records and all payment information of customers and patients of Plaintiff, and shall not retain any such Accounts Receivable Records;

2.    The temporary restraints imposed on ACB pursuant to the Order to Show Cause shall remain in place until the United States Bankruptcy Court rules on Plaintiff's to be filed motion for a determination that the automatic stay provisions of 11 U.S.C. 362(a) do not apply to the injunctive relief herein or granting stay relief to Plaintiff to continue to pursue such injunctive relief as to ACB; and;

3.    A copy of this Order shall be served on Defendants' counsel within three (3) days of its receipt by Plaintiff's counsel.

This matter to transferred to the Law Division

Patricia Del Bueno Cleary, J.S.C.

Docket No. MON-C-115-16



20160909104426

**Guaranteed Subpoena Service, Inc.**
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
**www.Served.com**

YOUR PROCESS **20160909104426** Was

SPECTOR & EHRENWORTH
BRIAN D. SPECTOR, ESQ.
30 COLUMBIA TURNPIKE SUITE 202
FLORHAM PARK NJ 07932

**NOT SERVED!**

NOT Served Date/Time: 9/12/2016 1:25 PM

**Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: 0722EE92**

NOT Served Upon:    MICHAEL J. LUNGA, ESQ.
At BUSINESS :    MCGIVNEY & KLUGER, P.C. 23 VREELAND ROAD, SUITE 220 FLORHAM PARK NJ 07932

In the Case/Docket:    MON C 115 16   Claim:  W224 0004 001
Plaintiff:    CENTRAL JERSEY EMERGENCY MEDICAL ASSOCIATES
Defendant:    ACB RECEIVABLES MANAGEMENT, INC., A NEW JERSEY CORPORATION, ET AL
Attorney:    BRIAN D. SPECTOR, ESQ.  Phone: 9735934800 Fax: 9735934848 Email:
    kweeks@selawfirm.com
Firm:    SPECTOR & EHRENWORTH
    30 COLUMBIA TURNPIKE SUITE 202 FLORHAM PARK NJ 07932

# WE MAY BE ABLE TO SERVE YOUR PROCESS IF WE HAVE YOUR AUTHORIZATION TO FURTHER INVESTIGATE THIS MATTER!

# AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392

To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**

*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $50 find or no find

[ ] Skip Search* - $75.00 - no find, no pay

[ ] Postal Forwarding $30 anywhere in U.S

[ ] DMV - MVC $60 NJ only, $110 other states

[ ]* Affidavit of Due Diligence $35 NJ only, $50 other states

[ ] Corporate Search - $85 anywhere in U.S.

[ ] **(SDA)** Stake Out/Inv $125/hr | **(GSS)** - Wait Time $100/hr (NJ)
$130/hr Out of State **(circle one)** - Auth Hours ____

_____    ___/___/_____
AUTHORIZING SIGNATURE                    DATE

PLEASE FAX SIGNED AUTHORIZATION TO (888) 224-4405 OR CALL (877) SDA-2009 TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL (800) 672-1952 TO REACH **GUARANTEED SUBPOENA SERVICE**
We were unable to serve your process for the following reason:

LAWFIRM PROVIDED SERVER WITH A NOTICE OF BANKRUPTCY CASE FILING. UNABLE TO EFFECTUATE SERVICE.

***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***
The specific reasons for failure to serve are available from us in an Affidavit Form, Signed and Notarized for $35 in NJ and $50 in all other states.
Check the box above and return for the affidavit.

# EXHIBIT B

Subj:      **RE: CJEMA v. ACB Receivables**
Date:      9/15/2016 3:05:03 P.M. Eastern Daylight Time
From:      PCohen@kcrlawfirm.com
To:        bspector@selawfirm.com, MJLMDESQ@aol.com
CC:        robert@davidastlaw.com

Wouldn't you first have to seek relief of the stay as you represented and the court order provides?

-----Original Message-----
From: Brian Spector [mailto:bspector@selawfirm.com]
Sent: Thursday, September 15, 2016 2:13 PM
To: MJLMDESQ@aol.com
Cc: Philip Cohen
Subject: Re: CJEMA v. ACB Receivables

I will serve a Rule 2004 subpoena in the Chapter 11 case. I assume you will accept service of the subpoena. 

---- Original Message---
To: bspector@selawfirm.com
Cc: <PCohen@kcrlawfirm.com>, <terry.dinapoli@lungalaw.com>, <robert@davidastlaw.com>,
<dgoldstein@selawfirm.com>
From: MJLMDESQ@aol.com
Sent: 9/15/2016 1:11PM
Subject: Re: CJEMA v. ACB  Receivables

>> Brian:
>>
>> Your threat is acknowledged but don't you think that bullying in
>> this situation when there is a real question is really not called for?
>>
>> Your representations in your letter were not supported by  the second
>> page of the Order, the omission of which I am very sure was
>> inadvertent in your original email.
>>
>> Do what you want, but I don't think any court would sanction me
>> under these circumstances.
>>
>> I said I would comply but I don't want to run afoul of the  stay
>> order.  I don't see the reason to file a motion to compel when you  have to file the
>> motion in Bankruptcy Court anyway.  I am not even  sure that all of these
>> emails would be sanctioned by the stay but since your  client paying
>> for them, well..... do what you think in your heart is the right
>> thing and the rational thing. -- I am.
>>
>>
>> Michael J. Lunga, Esq.
>>
>>
>> In a message dated 9/15/2016 12:45:03 P.M. Eastern Daylight Time,
>> bspector@selawfirm.com writes:
>>
>> I will also file a motion in state court to compel and for  costs.
>>
>> Sent from my iPhone
>>
>> On Sep 15, 2016, at 12:16 PM, "_MJLMDESQ@aol.com_
>> (mailto:MJLMDESQ@aol.com)
>> " <_MJLMDESQ@aol.com_ (mailto:MJLMDESQ@aol.com) > wrote:
>>
>>

>>
>>
>> Mr. Spector:
>>
>> Now that I have the second page of Judge Cleary's Order, which was
>> for some reason left out of your prior email to me, and have had a
>> chance to review it, it really does not say what you seemed to imply
>> in your cover letter to me.  In paragraph 2 of that Order
>> essentially all she  did was continue the temporary restraints
>> (maintain the status quo) and said  that matter had to be addressed by you, as attorney for the Plaintiff,  in a
"to be filed"
>> motion before the US Bankruptcy Court for a  determination of the
>> effects of the automatic stay provisions.
>>
>> Since you have to make that motion anyway, I think the appropriate
>> way to address this issue is to include in that motion the question
>> of the subpoena to me, and other similar discovery.  If the
>> Bankruptcy Court, who obviously would be the authority regarding its
>> own stay order,  determines that the stay does not affect the
>> subpoena, or you get your case exempted from the stay, I will gladly  comply.
>>
>> I want to make sure that I am not in violation of the Order  of any Court.
>> The Order of Judge Cleary does not address, one  way or the other, my
>> duty to reply to your subpoena, contrary to your prior  representations.
>>
>> Michael J. Lunga, Esq.
>>
>> PS  You also never addressed the issue of  copy/redaction costs, but
>> we can leave that for another day.
>>
>>
>>
>>
>> In a message dated 9/15/2016 10:12:05 A.M. Eastern Daylight Time,
>> _PCohen@kcrlawfirm.com_ (mailto:PCohen@kcrlawfirm.com)  writes:
>>
>> Does your response have any purpose other than to levy insults  against me?
>>
>> Sent from my iPhone
>>
>> On Sep 15, 2016, at 6:14 AM, Brian Spector <_bspector@selawfirm.com_
>> (mailto:bspector@selawfirm.com) > wrote:
>>
>>
>>
>>
>> Phil:
>>
>>
>> You are not an appellate judge or Mr. Lunga's  counsel. He now knows
>> my position and your uninformed one and will make  his own decision.
>>
>>
>> Brian
>>
>> Sent from my iPhone
>>
>> On Sep 14, 2016, at 10:46 PM, Philip Cohen <_PCohen@kcrlawfirm.com_
>> (mailto:PCohen@kcrlawfirm.com) > wrote:
>>
>>

>>
>>
>>
>> You're correct that I know little about bankruptcy but it appears
>> that I may know more than the court that issued that the order. In
>> any event I only mentioned that if I was in Mr Lunga's position I
>> would  not rely upon your representations and reliance upon the order
>> as  protections from any violations of the stay.
>>
>> Sent from my  iPhone
>>
>> On Sep 14, 2016, at 7:30 PM, Brian Spector <_bspector@selawfirm.com_
>> (mailto:bspector@selawfirm.com) > wrote:
>>
>>
>>
>>
>>
>> Phil:
>>
>> With all due respect and as you candidly admitted while we in  court
>> on Monday, you are not familiar with the Bankruptcy Code and  Rules
>> so you should not be commenting on what the bankruptcy court  may or
>> may not do or advising Mr. Lunga what he should or should not  do.
>> The Order entered by Judge Cleary that the case shall proceed  speaks
>> for itself and has not been challenged, including by ACB's
>> bankruptcy counsel, who was copied on my 9/12 letter to the Judge
>> before the hearing and who also received a copy of the order.
>> Also,  the Judge was not swayed one way or the other based on your
>> failure to provide her with a copy of the bankruptcy petition. And,
>> contrary  to your statement, ACB had bankruptcy counsel as of 9/9
>> when it  filed the petition and could have easily opposed my request
>> to  proceed with the hearing on Monday, which he not do. Finally, you  neglect to mention that Mr.
>> Shnayderman has not filed for bankruptcy  protection and there could
>> be no stay in place under any  circumstance as to discovery relating
>> to the claims against him.
>>
>> The state court continues to have jurisdiction over this case, as
>> the Judge recognized, and the subpoena is valid and we expect full
>> compliance by Mr. Lunga.
>>
>> Brian
>>
>>
>> _____
>>
>> From: Philip Cohen <_PCohen@kcrlawfirm.com_
>> (mailto:PCohen@kcrlawfirm.com)
>> >
>> Sent:  Wednesday, September 14, 2016 7:18 PM
>> To: Brian  Spector
>> Cc: _MJLMDESQ@aol.com_ (mailto:MJLMDESQ@aol.com) ; Lisa Tolbert;
>> _terry.dinapoli@lungalaw.com_ (mailto:terry.dinapoli@lungalaw.com) ;  Robert L.
>> Schmidt Esq.
>> Subject: Re: CJEMA v. ACB  Receivables
>>
>>
>>
>> I believe that the automatic stay applies as to ACB regardless  of
>> the representations regarding the judge's decision. You may  recall
>> that despite being provided notice of the bankruptcy the  court

Thursday, September 15, 2016 AOL: MJLMDESQ

>> determined that since she did not have the petition then she has no
>> need to stay the case. Not a convincing argument that any bankruptcy
>> court will buy into. You also relied upon a post bankruptcy property
>> matter and ACB could not provide opposition due to its inability obtain counsel.
>>
>>
>> I believe that you are luring Mr Lunga to violate the automatic
>> stay. He may want to seek a declaratory decision from the bankruptcy
>> court rather than rely upon your representations
>>
>> Sent from my iPhone
>>
>> On Sep 14, 2016, at 6:30 PM, Brian Spector <_bspector@selawfirm.com_
>> (mailto:bspector@selawfirm.com) > wrote:
>>
>>
>>
>>
>> Based on your email there is no reason to debate or rehash what happened.
>> I will ask my assistant to send to you a full copy of the order. My
>> sincerest apologies. As far as the time to comply, as long as you
>> indicate your willingness to comply, I will entertain any reasonable
>> period of time for such compliance.
>>
>> Sent from my iPhone
>>
>> On Sep 14, 2016, at 6:23 PM, "_MJLMDESQ@aol.com_
>> (mailto:MJLMDESQ@aol.com)
>> " <_MJLMDESQ@aol.com_ (mailto:MJLMDESQ@aol.com) > wrote:
>>
>>
>>
>>
>> Dear Ms. Tolbert / Mr Specter:
>>
>> I am certainly not trying to be difficult BUT if you check the
>> attachment you sent with your email of today you will see that the
>> complete Order is not attached. If the Order indeed says what the
>> cover letter says it does, then I have no option but to comply. I
>> would have had no way of knowing about that Order and my refusal to
>> accept the subpoena was based on the only information that I had at
>> the time, that the bankruptcy caused an automatic stay. I am
>> sending a copy of this email to Mr. Cohen, as I believe that to be appropriate.
>>
>> Obviously, with me first seeing this letter today I don't have ample
>> time to comply with the Subpoena by the date and time thereon. You
>> tried to serve it on 9/12 and it is returnable on 9/14??? Obviously,
>> you are well aware that is not appropriate.
>>
>> Please send the complete Order from Monmouth County. Once I review it I
>> will then comply if appropriate.
>>
>> I would ask the common courtesy of sufficient time to comply and
>> costs of copying and redaction. I would have to redact the discovery
>> so that the names or other identifying information regarding
>> patients would not be supplied so that neither my clients nor me
>> would be liable for any HIPPA violations.
>>
>> Please send the complete Order. If it says what the cover latter
>> says, then the Subpoena will be accepted, if reserved (I am not
>> standing on ceremony BUT certainly I don't want my client to be

*[handwritten note in right margin:] 2 day notice?*

>> exposed it the Subpoena was not properly or timely served) and I will then comply in a timely manner.
>>
>>
>> Michael J. Lunga
>>
>> Michael J. Lunga, Esq., LLC
>> 23 Vreeland Road, Suite 250
>> Florham Park, NJ 07932
>> 973-822-3100
>> fax: 973-822-3105
>> email: _MJLMDESQ@AOL.COM_ (mailto:MJLMDESQ@aol.com)
>>
>>
>>
>> In a message dated 9/14/2016 4:15:55 P.M. Eastern Daylight Time,
>> _ltolbert@selawfirm.com_ (mailto:ltolbert@selawfirm.com) writes:
>>
>> Dear Mr. Lunga:
>>
>> Kindly see attached letter dated September 14, 2016 with attachments
>> hereto in the referenced case.
>>
>> Thank you,
>>
>> Lisa
>> ==========================================================
>> Lisa Y. Tolbert, Paralegal
>> SPECTOR & EHRENWORTH, P.C.
>> 30 Columbia Turnpike—Suite 202
>> Florham Park, New Jersey 07932-2261
>> Direct Dial: 973 845.6529
>> [ 973 593.4800 x129 / 973 593.4848 (FAX) ]
>> e-mail: _ltolbert@selawfirm.com_ (mailto:ltolbert@selawfirm.com)
>> _www.selawfirm.com_ (http://www.selawfirm.com/)
>>
>> To ensure compliance with requirements imposed by the IRS under
>> Circular 230, we inform you that nothing contained in this
>> communication (including any attachments) is intended to be used,
>> nor may it be used, for the purpose of: (1) avoiding penalties
>> under the Internal Revenue Code or (2) promoting, marketing or
>> recommending any transaction. We include this statement in outbound e-mails because even inadvertent
violations may be penalized.
>>
>> The information contained in this transmission may contain
>> copyrighted, privileged, confidential or other legally protected
>> information. If you are not the intended recipient (even it was
>> sent to your e-mail address), you may not use, review, copy, disseminate, or retransmit this communication.
>> If you are not the intended recipient, please contact the sender by
>> reply e-mail and destroy all copies of the original message (and its
>> attachments). To reply to our e-mail administrator directly, please
>> send an e-mail
>> to: _dehrenworth@selawfirm.com_ (mailto:dehrenworth@selawfirm.com) .
>> Spector & Ehrenworth, P.C.'s website is: _www.selawfirm.com_
>> (http://www.selawfirm.com/) .
>>
>>
>>
>>
>>
>>
>>

*Missing page #2 of order*

Thursday, September 15, 2016 AOL: MJLMDESQ

>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>.
>>

# EXHIBIT C

Terry DiNapoli

| | |
|---|---|
| **From:** | Micheal J. Lunga |
| **Sent:** | Thursday, September 29, 2016 6:27 PM |
| **To:** | Terry DiNapoli |
| **Subject:** | Fwd: Rule 2004 subpoena (In re ACB Receivables Management, Inc.) |

Sent from my iPhone

Begin forwarded message:

> **From:** Douglas Goldstein <dgoldstein@selawfirm.com>
> **Date:** September 29, 2016 at 6:14:22 PM EDT
> **To:** Michael Lunga <mjlmdesq@aol.com>
> **Subject: Rule 2004 subpoena (In re ACB Receivables Management, Inc.)**
> **Reply-To:** Douglas Goldstein <dgoldstein@selawfirm.com>
>
> Mr. Lunga: As you know, in connection with the bankruptcy case of ACB Receivables
> Management, Inc. ("ACB"), you were served with a subpoena under Bankruptcy Rule 2004,
> made returnable on 10/7/16. On 9/21/16, ACB filed a motion to quash that subpoena, which is
> returnable on 10/18/16. As a result, you are to hold off from complying with the subpoena. We
> will notify you if the Bankruptcy Court does not quash the subpoena, in which case we will set a
> new return date.
>
> Doug
>
> ============================================================
> Douglas A. Goldstein, Esquire
> SPECTOR & EHRENWORTH, P.C.
> 30 Columbia Turnpike--Suite 202
> Florham Park, New Jersey 07932-2261
> Direct Dial: 973 845.6526
> [ 973 593.4800 x117 / 973 593.4848 (FAX) ]
> e-mail: dgoldstein@selawfirm.com
> www.selawfirm.com

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you
that nothing contained in this communication (including any attachments) is intended to be used,
nor may it be used, for the purpose of: (1) avoiding penalties under the Internal Revenue Code
or (2) promoting, marketing or recommending any transaction. We include this statement in
outbound e-mails because even inadvertent violations may be penalized.

The information contained in this transmission may contain copyrighted, privileged, confidential
or other legally protected information. If you are not the intended recipient (even it was sent to
your e-mail address), you may not use, review, copy, disseminate, or retransmit this
communication. If you are not the intended recipient, please contact the sender by reply e-mail
and destroy all copies of the original message (and its attachments). To reply to our e-mail

administrator directly, please send an e-mail to: dehrenworth@selawfirm.com. Spector & Ehrenworth, P.C.'s website is: www.selawfirm.com.